J-S09022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN ANDREW WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1414 MDA 2017 |

Appeal from the Judgment of Sentence April 26, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005898-2016

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 20, 2018**

Steven Andrew Williams appeals from the judgment of sentence entered on his conviction for failure to comply with the registration requirements[1] of the Sex Offender Registration and Notification Act ("SORNA"). Williams argues that, because his underlying crime pre-dated SORNA, he was not, pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 295 (2018), properly subject to SORNA's registration requirements.[2] He maintains that his conviction for failing to register therefore cannot stand. We are constrained to agree.

Williams was originally convicted in New York state, in 1990, of rape by forcible compulsion for a rape he committed in 1988. A New York court

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 4915.1.

[2] **See** 42 Pa.C.S.A. § 9799.13(7.1).

sentenced Williams to three to nine years' imprisonment, and he was required under New York law to register as a sex offender for life. In 2015, Williams moved to Pennsylvania and became subject to Pennsylvania law, including SORNA's registration requirements. Those requirements include registering in person with the State Police on a quarterly basis. Williams admits that he failed to register in July 2016. He maintains that he thought he was not required to do so because in May 2016 he reported to submit a change of address. **See** Williams' Brief at 25-26.

A jury found Williams guilty, and the trial court subsequently sentenced him to seven to 14 years' imprisonment. Williams filed post-sentence motions on May 5, 2017, and while they were pending, the Supreme Court handed down its decision in **Muniz**. There, the Court held that SORNA's stringent registration and reporting requirements constitute criminal punishment for purposes of the *ex post facto* clause of the Pennsylvania Constitution, and therefore do not apply to offenders whose crimes occurred before SORNA's effective date. **Muniz,** 164 A.3d at 1223. Williams did not amend his post-trial motions to assert a claim based on **Muniz**. The trial court denied his motions, and Williams filed this timely appeal as well as a court-ordered Pa.R.A.P. 1925(b) statement.

Williams' raises two issues for our review:

I.     Whether [] Williams' failure to register in this case was not a crime because neither SORNA nor any other sex offender registration scheme can legally apply to him in light of **Muniz**, such that his judgment of sentence is illegal and must be vacated[?]

II.     Whether the trial court erred in denying Williams' challenge to the weight of the evidence because Williams' failure to register was not a knowing one where he updated his address within three months of his quarterly registration date, he had previously received reminders to register but received none in this instance, and he registered immediately once informed that he was out of compliance[?]

Williams' Brief at 5.

The Commonwealth argues that Williams waived his first issue, regarding the application of our Supreme Court's decision in *Muniz*, by failing to raise it below. Williams acknowledges that he did not raise the issue until he filed his Rule 1925(b) statement but argues waiver is not appropriate here. He contends that his issue constitutes a challenge to the legality of his sentence, and points out that our Supreme Court announced its decision in *Muniz* after he filed post-sentence motions.

We decline to find waiver. The statute under which Williams was convicted requires the Commonwealth to prove, among other things, that Williams was "subject to registration under [SORNA]. . . ." 18 Pa.C.S.A. § 4915.1(a). The duty to register is therefore an element of the offense, and Williams' argument amounts to a challenge to the sufficiency of the evidence. Such a claim may be raised for the first time on appeal. ***See*** Pa.R.Crim.P. 606(a)(7). ***See also Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 679 (Pa.Super. 2017) (allowing Post Conviction Relief Act petitioner to raise ***Muniz*** claim to pre-SORNA conviction). We therefore will review Williams's first issue on the merits.

On the merits, we conclude that we must vacate the judgment of sentence and conviction. As noted, under **Muniz**, the retroactive application of SORNA's registration scheme to sexual offenders who committed their crimes before the SORNA's effective date violates Pennsylvania's *ex post facto* clause.[3] In this case, Williams' underlying conviction stems from a rape he committed in 1988 in New York. When he moved to Pennsylvania, he became subject to SORNA's registration scheme, which, as determined by **Muniz**, constitutes *ex post facto* punishment for a crime. Thus, pursuant to **Muniz**, the retroactive application of SORNA's registration requirements to Williams does not pass constitutional muster, and he had no duty to register at the relevant time.

For like reasons, the fact that he moved to Pennsylvania after the effective date of SORNA does not require a different outcome. That is, when Williams moved to Pennsylvania, he became subject to SORNA, which (according to **Muniz**) unconstitutionally imposed new punishment on a pre-SORNA conviction.

The Commonwealth argues that **Muniz** does not apply here because New York law required Williams to register for life in that state. Thus, the Commonwealth posits, Williams' lifetime registration requirement, under SORNA, does not implicate Pennsylvania's *ex post facto* clause because there

---

[3] **See Commonwealth v. McCullough**, 174 A.3d 1094, 1095 (Pa.Super. 2017) (*en banc*).

was no effective increase in his registration period. The Commonwealth's argument is unavailing, however, because ***Muniz*** held that SORNA's stringent registration requirements, not just the mere length of the registration period, rendered SORNA's registration scheme criminal punishment for purposes of Pennsylvania's *ex post facto* clause. ***See Muniz***, 164 A.3d 1210-11. The length of Williams' previous registration requirement in another jurisdiction is of no moment. We therefore vacate Williams' judgment of sentence and conviction.

We do not address Williams' weight-of-the-evidence issue because his first issue is dispositive.

Judgment of sentence and conviction vacated.

President Judge Gantman joins the Memorandum.

Judge Platt files a concurring statement.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/20/2018